**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CHARLES FARBE**                                                                  **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:23-cv-9-KHJ-MTP**

**D.E.A, ET AL.**                                                     **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this matter and failure to comply with the Court's orders. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On January 6, 2023, Plaintiff, proceeding pro se, filed his Complaint [1], along with a Motion for Leave to Proceed *in forma pauperis* [2]. The Court determined that Plaintiff's IFP application requires clarification in order that his financial status may be fairly evaluated and considered. Thus, on January 13, 2023, the Court entered an Order [3] directing Plaintiff to file a complete long-form IFP application and clarify the means supporting his existence on or before January 27, 2023.

Additionally, the Court determined that clarification of Plaintiff's Complaint is necessary and more information is needed to identify the nature of Plaintiff's claims and relief sought, the allegations supporting his claims, and the basis for federal jurisdiction. The Court ordered Plaintiff to amend his Complaint to provide additional information on or before January 27, 2023. *See* Order [3]. The Court warned Plaintiff that his failure to amend his Complaint may result in the dismissal of this action without prejudice and without further notice.

Plaintiff failed to complete a long-form IFP application or otherwise provide any information concerning his financial status. Additionally, Plaintiff failed to amend his Complaint as ordered by the Court.

Thus, on February 1, 2023, the Court entered an Order [4] directing Plaintiff to file a written statement setting forth why this case should not be dismissed for his failure to comply with the Court's Order [3]. Additionally, the Court again directed Plaintiff to provide information concerning his financial status and to amend his Complaint. The Court directed Plaintiff to respond to the Order [4] on or before February 15, 2023. To date, Plaintiff has not responded to the Order [4], provided information concerning his financial status, or amended his Complaint.

Pursuant to Fed. R. Civ. P. 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). As Plaintiff has not responded to multiple Court orders and has not otherwise pursued this matter, Rule 41(b) dismissal is appropriate.

**RECOMMENDATION**

As Plaintiff has failed to prosecute this action and comply with the Court's Orders, the undersigned recommends that this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 27th day of February, 2023.

s/ Michael T. Parker
United States Magistrate Judge